IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

JULIEN GARCON,

    Petitioner,

vs.                                  Case No. 4:13cv98-MW/CAS

STATE OF FLORIDA and
PAMELA JO BONDI, Attorney General,

    Respondent.
_____/

## REPORT AND RECOMMENDATION

Petitioner Julien Garcon, proceeding pro se, has filed a petition for writ of coram nobis pursuant to the All Writs Act, 28 U.S.C. § 1651(a). Doc. 1. Petitioner has also filed an application to proceed without prepayment of fees and affidavit. Doc. 2.

Petitioner is a federal prisoner currently incarcerated at the Federal Correctional Institution Williamsburg in Salters, South Carolina. Doc. 1 at 35. Petitioner appears to challenge judgments rendered by Florida state courts in the Fifteenth Judicial Circuit, Palm Beach County, with case numbers 92-CF-10706A and 92-CF-11478B, and the Fourth District Court of Appeal, case number 4D10-1319. *Id*. at 2-5 and Exs. 1, 2, 7, 8, 9, 10, A, B, C, D, F, G.

The writ of coram nobis is an extraordinary remedy, "available only to remedy errors 'of the most fundamental character.'"  United States v. Mills, 221 F.3d 1201, 1203 (11th Cir. 2000) (quoting United States v. Mayer, 235 U.S. 55, 69 (1914)).  A writ of coram nobis is not available as a remedy if a petitioner is still "in custody" because relief is available by way of 28 U.S.C. § 2255.  United States v. Garcia, 181 F.3d 1274, 1274 (11th Cir. 1999) ("Coram nobis relief is unavailable to a person, such as the appellant, who is still in custody.").

Here, Petitioner is in custody in federal prison, serving a sentence imposed by a federal court, following a jury trial and conviction for possession of a firearm by a convicted felon, in violation of 18 U.S.C. §§ 922(g)(1) and 924(e).  *See* Judgment, United States v. Garcon, No. 9:07-cr-80051-DTKH (S.D. Fla. July 25, 2008), ECF No. 160 (judgment and sentence dated July 25, 2008, imposing 120-month prison term, to be followed by 3-year term of supervised release); United States v. Garcon, 349 F. App'x 377 (11th Cir. 2009) (affirming conviction and sentence).  Because Petitioner is in custody, coram nobis is not available.  *See* Garcia, 181 F.3d at 1274.  Notably, Petitioner has already filed a § 2255 petition, which was denied September 12, 2012.  *See* Order Adopting Magistrate's Report and Recommendation and Denying Petitioner's Motion to Vacate, Set Aside and Correct Sentence Pursuant to 28 U.S.C. § 2255, Garcon v. United States, No. 1:10-cv-21882-DTKH (S.D. Fla. Sept. 12, 2012), ECF No. 109; Report and Recommendation, Garcon v. United States, No. 1:10-cv-21882-DTKH (S.D. Fla. Apr. 26, 2012), ECF No. 95.

In any event, to the extent Petitioner is attempting to challenge his federal sentence pursuant to § 2255, this Court does not have jurisdiction as any such

challenge must be brought in the district that imposed the sentence, the Southern District of Florida.  28 U.S.C. § 2255(a).  Further, because Petitioner has already filed a § 2255 motion, he must obtain leave under 28 U.S.C. §  2244(b)(3)(A) from the Eleventh Circuit Court of Appeals, to file a second or successive § 2255 motion.

To the extent Petitioner is attempting to challenge his old state court judgments pursuant to 28 U.S.C. § 2254, this Court does not have jurisdiction.  Jurisdiction is appropriate in the district of confinement and the district of conviction.  28 U.S.C. § 2241(d).  Because Petitioner is not incarcerated in this district and does not challenge the judgment of a state court located in this district, jurisdiction is not appropriate here.

Jurisdiction is appropriate in the United States District Court for the Southern District of Florida, the district of conviction, and that district appears the most convenient.  *See, e.g.*, Parker v. Singletary, 974 F.2d 1562, 1582 (11th Cir. 1992) (explaining that courts "should avoid the temptation to transfer habeas petitions without giving careful consideration to the convenience of witnesses"); *see also* Blake v. State of Fla., 272 F. Supp. 557, 558 (S.D. Fla. 1967) (denying petition for writ of error coram nobis, finding court without jurisdiction because it did not impose either state court sentence or federal sentence petitioner sought to challenge:  "[O]ne thing is clear – this court, which did not impose either sentence, is wholly without jurisdiction in the matter.  That is true whether the petition be deemed a motion for relief under § 2255, habeas corpus, or a motion in the nature of a writ of error coram nobis."), aff'd, 395 F.2d 758 (5th Cir. 1968) ("[W]e fully agree with the conclusion of the district court that it is 'wholly without jurisdiction' in this cause.").

Case No. 4:13cv98-MW/CAS

Accordingly, it is respectfully **RECOMMENDED** that the case file be

**TRANSFERRED** to the United States District Court for the Southern District of Florida.

**IN CHAMBERS** at Tallahassee, Florida, on March 28, 2013.

                                  S/ Charles A. Stampelos
                                  **CHARLES A. STAMPELOS**
                                  **UNITED STATES MAGISTRATE JUDGE**

### NOTICE TO PARTIES

Within fourteen (14) days after being served with a copy of this report and recommendation, a party may serve and file specific, written objections to the proposed findings and recommendations.  A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.  Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.